IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-03152-CMA

RONALD C. TAYLOR,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff's Attorney's Contested Motion for an Award of Fees Pursuant to the Equal Access to Justice Act. (Doc. # 23.) Because the Commissioner's position in this case was not substantially justified, the Court grants this motion to the extent Plaintiff is entitled to such fees, and denies this motion to the extent that Plaintiff's initial request of $8,020.69 in attorney and paralegal fees (a) was premised on improper hourly rates and (b) cannot be paid to Plaintiff's counsel directly.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 9), as well as in the briefing on the merits that both parties submitted (Doc. ## 12, 16, 19), and this Court's written order (Doc. # 21). In that order, this Court reversed the July 27, 2012 decision of the Administrative Law Judge

1

("ALJ") and remanded the matter to Defendant, the Commissioner of Social Security, for further proceedings. (Doc. # 21.) Pursuant to the Court's Order, the Clerk of the Court entered Judgment in Plaintiff's favor. (Doc. # 22.) Thereafter, Plaintiff's attorney[1] filed the instant motion (Doc. # 23), which is ripe for the Court's review (Doc. ## 24, 25).[2] Plaintiff initially requested $8,020.69 in attorney and paralegal fees, but changed this amount to $6,276.39 in his Reply upon finding a mathematical error. (Doc. # 25.)

## II.   DISCUSSION

### A.   WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Further, the Commissioner does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that her position was substantially justified—a test that, in this Circuit, "means h[er] position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable

---

[1] Plaintiff passed away on February 3, 2014. (Doc. # 26 at 1.) Throughout this order, the Court references Plaintiff's attorney as "Plaintiff" for simplicity.
[2] On April 23, 2015, Plaintiff's attorney filed Motion for Order to Entry of Order Re: Plaintiff's Attorney's Contested Motion For An Award Of Fees Pursuant To EAJA. (Doc. # 26.)

person." *Harrold v. Astrue*, 372 F. App'x. 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id.* Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

In the instant case, Plaintiff argued that the ALJ failed to consider his treating source medical opinions. The Court agreed, and remanded on that basis alone, because the failure to consider these opinions "casts doubt on the validity of the entirety of the ALJ's RFC." (Doc. # 21.) The Court specifically held that the ALJ did not fully adhere to the mandate that he must give "specific, legitimate reasons for his decision" when he failed to consider the opinions of Drs. Kratchko and Binswanger. (*Id.* (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001))) This fundamental legal error was unreasonable and, thus, Defendant's position was not substantially justified.

Defendant's arguments to the contrary are unavailing. First, Defendant absurdly asserts that because Plaintiff argued that Denver Health is his treating source, she was justified in failing to consider the opinions of Drs. Kratchko and Binswanger, physicians who work at Denver Health. The Court is not convinced that Defendant can neglect a legal principle identified by the Tenth Circuit based on Plaintiff's characterization of his treating sources. Indeed, the Court stated that it "cannot avoid remand, given the utter lack of analysis as to the merits of these treating sources' evaluations."

Additionally, the Court rejects Defendant's argument that because Plaintiff's treating physicians' opinions were completed Med-9 forms, she was substantially justified in failing to consider them. Defendant cites *Chapo v. Astrue*, 682 F.3d 1285, 1289, 1292–93 (10th Cir. 2012) to support this assertion. However, in *Chapo*, the ALJ "accorded little weight to" a treating physician's Med-9 form. In the instant case, Defendant failed to even consider Plaintiff's treating physicians' opinions. The law related to evaluating a treating source's opinion is well established; failure to fully follow it, as occurred in this case, simply does not represent a close question for the Court.

**B.    REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of his request. As previously indicated, Plaintiff seeks $6,276.39 in fees. (Doc. # 25 at 4.) This amount is calculated for 26.9 hours of attorney time at the rate of $191.94 per hour and 12.1 hours of paralegal time at $92 per hour. (*See id.*)

Defendant does not dispute the amount of attorney or paralegal time for which Plaintiff seeks compensation. (Doc. # 24 at 6.) Instead, Defendant argues that Plaintiff has not demonstrated that the requested rates are reasonable. In his Reply, Plaintiff admits that he committed a mathematical error in his computation of attorney fees. Thus, Plaintiff reduced his originally requested hourly rate of $241.94 to $192.47, which is based upon the Consumer Price Index All Urban Consumers (CPI-U) West Urban.

The EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The party seeking the award has the burden of persuading the court that the rate sought is reasonable.  *Knight v. Astrue*, No. 08-CV-02498-CMA, 2011 WL 4382541, at *4 (D. Colo. Sept. 19, 2011).  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current CPI–U and then dividing the product by the CPI–U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases).  *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

      Defendant's calculation for a reasonable hourly rate is based upon the CPI-U, not the CPI-U West Urban.  The CPI-U West Urban, however, is the correct index to use because it covers thirteen states in the West Region, including Colorado, which is where Plaintiff's attorney rendered his services.  *See Consumer Price Index, West Region*, U.S. Department of Labor Bureau of Labor Statistics at 3 (accessed on May 13, 2015), http://www.bls.gov/regions/west/news-release/pdf/consumerpriceindex_west.pdf; *Bowers v. Astrue*, No. 07-CV-00454-WYD, 2008 WL 2568801, at *3 (D. Colo. June 24, 2008) (using CPI-U West Urban).  Pursuant to the cost-of-living calculations,[3] Plaintiff is

---

[3] EAJA ($125) times the CPI-U West Urban in February 2014 ($237.61), divided by the CPI-U in March 1996 ($156.40) equals $189.90; EAJA ($125) times the CPI-U West Urban in April 2014 ($239.80), divided by the CPI-U in March 1996 ($156.40) equals $191.65; EAJA ($125) times the CPI-U West Urban in June 2014 ($241.62), divided by the CPI-U in March 1996 ($156.40)

awarded attorney fees at the hourly rate of $191.99 for 26.9 hours of work performed, which equals $5,164.53.[4]

Defendant next argues that Plaintiff's request to pay his paralegal $125 per hour is excessive. Plaintiff claims "Defendant has a point," and states "assuming arguendo" that a $60 per hour rate is correct, the total paralegal fees equal $1,113.20. Plaintiff has not put forth any argument that a paralegal rate of $125 per hour is reasonable nor argued that $60 is not the correct rate to use. Thus, the Court finds that $60 for a paralegal fee is a reasonable amount. *Meyers-Schreiner v. Astrue*, No. CIV.A08-CV-00573-WYD, 2009 WL 1464404, at *1 (D. Colo. May 26, 2009) (awarding a rate of $60 per hour for a paralegal). Accordingly, pursuant to the cost-of-living calculations,[5] Plaintiff is awarded paralegal fees at an hourly rate of $92.39 for 12.1 hours of paralegal time, which equals $1,117.92.[6]

Finally, although Plaintiff's attorney requests that the fee award be paid to him directly, "the clear language of the [EAJA] provides that attorney's fees are paid to the prevailing party, not the attorney." *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

---

equals $193.11; EAJA ($125) times the CPI-U West Urban in July 2014 ($241.85), divided by the CPI-U in March 1996 ($156.40) equals $193.29. The average equals $191.99.

[4] This total amount is slightly higher than Plaintiff's total amount of $5,163.19 because Plaintiff incorrectly used the CPI-U West Urban for May 2014 instead of February 2014, which is when services were rendered. (Doc. # 23-1.)

[5] $60 times the CPI-U West Urban in April 2014 ($239.80), divided by the CPI-U in March 1996 ($156.40) equals $91.99; $60 times the CPI-U West Urban in July 2014 ($241.85), divided by the CPI-U in March 1996 ($156.40) equals $92.78. The average equals $92.39.

[6] This calculation is slightly higher than the amount Plaintiff calculated because Plaintiff committed a mathematical error.

## III.   CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Attorney's Contested Motion for an Award of Fees Pursuant to the Equal Access to Justice Act (Doc. # 23) is GRANTED in part to the extent Plaintiff is entitled to such fees because Defendant's position was not "substantially justified," and DENIED IN PART to the extent that Plaintiff's initial request of $8,020.69 in attorney and paralegal fees (a) was premised on improper hourly rates and (b) cannot be paid to Plaintiff's counsel directly. Accordingly, it is

FURTHER ORDERED that Defendant shall pay Plaintiff $6,282.45 in attorney's fees under the EAJA. It is

FURTHER ORDERED that Plaintiff's Motion for Order to Entry of Order Re: Plaintiff's Attorney's Contested Motion For An Award Of Fees Pursuant To EAJA (Doc. # 26) is DENIED as MOOT.

DATED:  May __15__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge